# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 471 | **DATE** | 7/8/2003 |
| **CASE TITLE** | Edna Ellis vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss the first amended complaint [7-1] is granted. Judgment is entered in favor of the defendant, City of Chicago and against the plaintiff, Edna Ellis. This case is hereby dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 0 9 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 12 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RO | courtroom deputy's initials | date mailed notice | |
| | Date/time received in Central Clerk's Office | mailing deputy initials | |

EDNA ELLIS,

    Plaintiff,

v.

CITY OF CHICAGO,

    Defendant.

No. 03 C 471

Judge Ruben Castillo

## MEMORANDUM OPINION AND ORDER

Edna Ellis ("Ellis") filed suit under 42 U.S.C. § 1983 and Illinois common law, claiming that the City of Chicago ("City") violated her civil rights and state public policy when it discharged her without a hearing in retaliation for complaints she made against co-workers. Defendant seeks dismissal of all counts under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Although Plaintiff has alleged the requisite constitutional torts to establish municipal liability under § 1983, she has shown no liberty or property interest in her employment sufficient to establish a due process violation. Nor has she adequately demonstrated that she engaged in speech that rose to a level to justify the protection of the First Amendment. Finally, Plaintiff's wrongful discharge claim under Illinois law is tenuous at best, and otherwise barred by the Local Governmental and Government Employees Tort Immunity Act ("Tort Immunity Act"). Therefore, we grant the defendant's motion to dismiss. (R. 7-1.)

## RELEVANT FACTS

Ellis worked as a legal secretary for the City of Chicago from March 1991 until October 2002. (R. 6, Am. Compl. ¶ 2.) In June 2002 the City suspended Ellis for seven days after Ellis complained to her superiors that a co-worker, Jo Anne Garrett ("Garrett"), was using a work phone for private conversations, which Ellis believed disrupted the workplace. (*Id.* at ¶¶ 4-6.) Garrett, in turn, filed a complaint with her superiors which led to Ellis's suspension. (*Id.* at ¶ 6.)

Ellis's termination in October 2002 arose out of a complaint she made in the prior month. In September 2002 Plaintiff complained about attorney Elene Vitacco's ("Vittaco") rude, insulting and disruptive behavior when Vitacco asked Ellis to move furniture. (*Id.* at ¶ 7.) Ellis's superiors initially agreed that moving furniture was not within the parameters of her job description. (*Id.* at ¶¶ 7-8.) After Vitacco complained to superiors about Ellis, however, Ellis was told to do anything an attorney told her to do, "short of murder." (*Id.* at ¶ 9.) Ellis alleges that Vitacco began to verbally abuse her for this incident. (*Id.* at ¶ 10.) Ellis drafted a memo to contest her treatment by her co-workers and the assignment of tasks outside her job description. (*Id.* at ¶ 11.) Vitacco then filed a complaint against Ellis alleging verbal abuse, which ultimately resulted in Ellis's termination. (*Id.* at ¶¶ 12-13, 15.) Ellis sought a hearing concerning her discharge, but was advised that as an exempt/non-career employee she did not have appeal rights and was not entitled to a hearing. (*Id.* at ¶¶ 14, 20.)

Subsequently, Ellis brought this complaint alleging a violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983. Ellis contends the City acted under the color of state law to deprive her of her First and Fourteenth Amendment rights. Specifically, she alleges that she was denied a property and/or liberty interest in her employment without due process. (*Id.* at ¶¶ 23-27.) Ellis also claims that she was fired in retaliation for exercising her constitutional right to freedom of expression. (*Id.* at ¶¶ 31-33.) Additionally, Ellis alleges her termination violated the Illinois common law of wrongful discharge. (*Id.* at ¶¶ 40-43.)

## LEGAL STANDARDS

On a motion to dismiss, we accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *City Nat'l Bank of Fla. v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994). Dismissal is proper only where it appears beyond doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## ANALYSIS

Under 42 U.S.C. § 1983 a governmental employer may not act under the color of state law to deprive a citizen of the United States of her constitutional rights. Ellis, however, cannot raise a challenge against the City under §1983 without pleading the requisite elements of municipal liability under the statute. Municipal liability under § 1983 cannot arise under a *respondeat superior* theory for torts committed by City employees. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 663 (1978). Rather, the unconstitutional action must implement or execute "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. The *Monell* court further added that persistent widespread practices by state officials could constitute a usage or custom, thus creating § 1983 liability. *Id.* at 690-691.

Ellis alleges that the City's policy of not providing discharge hearings to exempt/non-career employees deprived her of a property and/or liberty interest. Although the City argues that the *Monell* line of cases contemplates policies that are *unlawful*, (R. 11, Def.'s Reply at 3), the inquiry under *Monell* is whether the municipal policy in question "caused a constitutional tort," *Monell*, 436 U.S. at 691. Therefore, we must determine whether Ellis has adequately alleged that the City committed a constitutional tort against her. Ellis claims that she was deprived of a property and/or liberty interest in violation of the Fourteenth and First Amendments because she was not afforded due process as to her property and was fired in retaliation for exercising protected speech.

Ellis claims that she was deprived of a property interest, her job, without due process because she was not afforded a hearing to appeal her termination. The Fourteenth Amendment provides that no state shall deprive any person of life, liberty or property without due process of law. U.S. Const. amend. XIV, § 1. If Ellis has a legitimate property interest in her employment, she states a valid claim. *Wolff v. McDonell*, 418 U.S. 539, 557 (1974) ("The Court has consistently held that some kind of hearing is required at some time before a person

is finally deprived of his property.") However, "[p]roperty interests are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Ulichny v. Merton Cmty. Sch. Dist*, 249 F.3d 686 (7th Cir. 2001) (*citing Bd. of Regents v. Roth*, 408 U.S. 564, 576-78 (1972)) (internal quotations omitted).

In Illinois, a person has a "legitimate expectation of continued employment . . . based on a legitimate claim of entitlement." *Draghi v. County of Cook*, 184 F.3d 689, 692 (7th Cir. 1999) (*citing Faustrum v. Bd. of Fire & Police Comm'rs of Vill. of Wauconda*, 608 N.E.2d 640, 641 (Ill. App. Ct. 1993)). Ellis's previous job performance and longevity in employment do not establish a legitimate expectation of employment. *See Smith v. Bd. of Educ. of the City of Chi.*, 853 F.2d 517, 521 (7th Cir. 1988). A legitimate expectation of continued employment must be rooted in a specific ordinance, state law, contract or understanding that the City is able to discharge. *See Draghi*, 184 F.3d at 692 (*citing Krecek v. Bd. of Police Comm'rs of La Grange Park*, 646 N.E.2d 1314, 1318-19 (Ill. App. Ct. 1995)). Ellis references no ordinance, rule, contract or law that supports a legitimate expectation of continued employment. Therefore, Ellis does not set out facts alleging a property interest in her employment position and cannot bring an action under § 1983 based on a deprivation of a property interest without due process.

The due process clause of the Fourteenth Amendment secures the liberty to pursue a calling or occupation, not the right to a specific job. *Ulichny*, 249 F.3d at 704-5 (citations omitted). The dismissal of a government employee infringes a liberty interest where the individual's good name, reputation, honor or integrity are at stake by such charges as "immorality, dishonesty, alcoholism, disloyalty, Communism or subversive acts; or the state imposes a stigma or other disability on the individual which forecloses other employment opportunities." *Lashbrook v. Oerkfitz*, 65 F.3d 1339, 1348 (7th Cir. 1995). Here, Ellis alleges that she will be labeled an "attorney abuser" and that this reputation will preclude her from obtaining employment in her chosen field. (R. 10, Pl.'s Resp. at 5.) However, "[i]t stretches

4

the concept too far to suggest that a person is deprived of liberty when he simply is not rehired in one job but remains as free as before to seek another." *Draghi*, 184 F.3d at 693 (*quoting Roth*, 408 U.S. at 575) (internal quotations omitted). Ellis does not allege that she is unable to find employment because of the City's actions. Even taking her allegations as true, the City's actions do not rise to the level of a constitutional violation; damage to one's reputation by a state actor does not implicate a federally protected liberty interest. *See Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 617 (7th Cir. 2002). Indeed, even when a label "seriously impairs" the opportunity for employment, no protected liberty interest is implicated. *Id.* Additionally, Ellis has not alleged that the news of her termination has been disseminated in a manner that publicly impugns her, which might potentially lead to difficulty in securing another job. *See Eberhard v. O'Malley*, 17 F.3d 1023, 1028 (7th Cir. 1994). Only when the state actor's conduct makes it "virtually impossible for the [individual] to find new employment in his chosen field," has the state infringed upon the protected liberty interest. *Doyle*, 305 F.3d at 617 (*citing Townsend v. Vallas*, 256 F.3d 661, 670 (7th Cir. 2001)). Although Ellis alleges damage to her reputation, she only speculates as to her prospects for future employment. Therefore, Ellis cannot sustain a Fourteenth Amendment due process claim under § 1983 based on a protected liberty interest.

We next turn to Ellis's claim under the First Amendment. To establish a First Amendment retaliation claim, the facts alleged in the complaint must show that (1) the speech Ellis engaged in was constitutionally protected under the circumstances, and (2) the City retaliated against her because of it. *Caldwell v. City of Elwood, Ind.*, 959 F.2d 670, 672 (7th Cir. 1992) (citations omitted). Ellis alleges that her complaints were constitutionally protected because they expressed concerns about the misuse of public resources. Speech is constitutionally protected if a government employee proves not only that (1) the speech touched a matter of public concern, but also that (2) the employee's First Amendment interest on the matter is not outweighed by any injury that the speech might inflict on the government

5

interest in promoting the efficiency of its services. *See Alexander v. Somer*, No. 01 C 1908, 2002 WL 31557607, at *4 (N.D. Ill. Nov. 18, 2002) (*citing Bonds v. Milwaukee County*, 207 F.3d 969, 979 (7th Cir. 2000)). "Whether an employee's speech addresses a matter of public concern must be determined by the content, form and context of a given statement . . . ." *Connick v. Myers*, 461 U.S. 138, 147-48 (1983). Speech on matters of public concern has been defined as "speech relating to any matter of political, social, or other concern to the community." *Khuans v. School Dist. 110*, 123 F.3d 1010, 1014-15 (7th Cir. 1997) (*citing Connick*, 461 U.S. at 146). Thus, matters of public concern are distinct from personal grievances. *See Gustafson v. Jones* 117 F.3d 1015, 1018 (7th Cir. 1997) (distinguishing speech on matters of "public concern" as "matters in which the public might be interested, as distinct from wholly personal grievances or casual chit-chat") (citations omitted); *Lashbrook*, 65 F.3d at 1350 (a dispute between an employee and an employer is not a matter of public concern). Indeed, "[t]o presume that all matters which transpire within a government office are of public concern would mean that virtually every remark . . . would plant the seed of a constitutional case." *Connick*, 461 U.S. at 149.

We believe that Ellis's complaint alleges only a personal grievance, which is insufficient to constitute a matter of public interest. Ellis, in her amended complaint, alleges that she was separated from her position because of a complaint filed by an attorney with whom she had an on-going feud. Ellis also states that an earlier complaint of misuse of public resources partly led to her discharge. Ellis does not allege that she sought to inform the public about her co-worker's abuse of City property; rather, her complaint alleges that she informed only her superiors of her co-worker's actions. *See id.* (rejecting plaintiff's First Amendment claim when she did not seek to inform the public about improprieties in District Attorney's but only sought to attempt to transform her displeasure with her job transfer into a "cause celebre."). It is clear from her complaint that the focus of Ellis's gripe was not the alleged

misuse of City telephones, but rather her need to substantiate her feud with other employees. Thus, Ellis has failed as a matter of law to properly state a First Amendment retaliation claim.

Finally, Ellis alleges that the City engaged in retaliatory discharge in violation of Illinois common law. To maintain this narrowly defined tort action Ellis must show that she was discharged in retaliation for her complaints and that the discharge is in contravention of Illinois public policy. *See Jacobson v. Knepper & Moga, P.C.*, 706 N.E.2d 491, 493 (Ill. 1998). This tort may be pursued where an employee is discharged in retaliation for reporting illegal or otherwise improper conduct. *See id.*

The City contends that the retaliatory discharge claim is barred by the Tort Immunity Act, *see* 745 ILCS 10/2-201, which immunizes municipalities from liability for the performance of acts that are discretionary and involve policy determinations. The Act states in pertinent part:

> Except as otherwise provided by statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

745 ILCS 10/2-201.

"[A]n employee may be granted immunity if he holds *either* a position involving the determination of policy *or* a position involving the exercise of discretion." *Harinek v. 161 N. Clark St. Ltd. P'ship*, 692 N.E.2d 1177, 1181 (Ill. 1981) (emphasis in original). However, "immunity will not attach unless the plaintiff injury results from an act performed or omitted by the employee in determining policy *and* in exercising discretion." *Harinek*, 692 N.E.2d at 1181. Because employee actions are immune from suit for such discretionary policy decisions, the City is also immune from suit under the Act where the tort in question flows from the employee. 745 ILCS 10/2-109.

To determine whether the Act applies in this case, we must examine whether Ellis has pleaded that the City discharged her in a manner involving a determination of policy and an

7

exercise of discretion. *Harinek*, 692 N.E.2d at 1181. Policy determinations are those acts that require the balancing of competing interests to make a judgment as to what solution will best serve those interest. *Harinek*, 692 N.E.2d at 1181. In the case at bar, a City official was required to make a decision concerning the effect disputes between its employees had on efficiency and harmony in the workplace; this was, in effect, a policy decision. Discretionary acts are unique to a particular public office and involve the exercise of judgment. *Corning v. East Oakland Tp.*, 670 N.E.2d 350, 352 (Ill. App. Ct. 1996). In particular, decisions of hiring and firing are discretionary acts barred under Section 2-201 of the Tort Immunity Act. *See Johnson v. Mers*, 664 N.E.2d 668, 675 (Ill. App. Ct. 1996) (defining discretionary acts as those "not performed on a given state of facts in a prescribed manner," and in particular describing hiring as a discretionary act). Likewise, the decision to fire someone involves balancing a set of given circumstances to arrive at an appropriate outcome; the outcome is not predetermined but left in the hands of an official to use proper judgment. *See Zinnermon v. City of Chicago Dept. of Police*, 209 F. Supp. 2d 908, 911 (N.D. Ill. 2002). Clearly then, the City's act of discharging Ellis was a discretionary decision. Therefore, the City is immune from suit under the Tort Immunity Act.

## CONCLUSION

For these reasons, we grant City's motion to dismiss in its entirety. (R. 7-1.) The Clerk is instructed to enter final judgment pursuant to Federal Rule of Civil Procedure 58 against Ellis.

ENTERED: _____
Judge Ruben Castillo
United States District Court

**Dated July 8, 2003**